**WASHINGTON SPORTSERVICE, INC.,**
Appellant,

v.

**M. J. ULINE COMPANY, Appellee.**

**No. 15407.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 19, 1960.

Decided March 17, 1960.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellant.

Mr. James F. Reilly, Washington, D. C., with whom Messrs. Kevin P. Charles, David G. Bress, and J. H. Krug, Washington, D. C., were on the brief, for appellee.

Before Mr. Justice REED, retired,* and PRETTYMAN, Chief Judge, and EDGERTON, Circuit Judge.

PER CURIAM.

This appeal from the District Court involves a contract between the M. J. Uline Co., owners and operators of an indoor sports arena, and the appellant, Washington Sportservice, Inc., operator as contract assignee of the refreshment concession for the arena. The question now before us is whether the agreement allows a cancellation at the option of the Uline Company before the expiration of the term and, if so, under what conditions.

The original agreement was made on November 14, 1941. It was modified by correspondence between the parties dur-

---

* Sitting by designation pursuant to Sec. 294 (a), Title 28 U.S.Code.

ing July and August, 1945, so as to provide for an extension of the term if Sportservice would construct and install, as they did, new equipment in the arena. Sportservice expended nearly $40,000 for this purpose. The term was to be extended one year for each one thousand dollars expended by the lessee for the improvements.

The modification was initiated by letters from Sportservice's predecessor, Jacobs Brothers, dated July 31, 1945, signed by Louis M. Jacobs. The letters provided, "If Uline Arena wishes to discontinue contract, they may do so by paying to Jacobs Brothers the unamortized part of expenditures after June 15, 1947." The expenditures were to be amortized at the rate of one thousand dollars a year. The sentence just quoted raises the question on this appeal.

In Exhibit 3 of Uline, one of the letters referred to above, the sentence is stricken out and the deletion initialled by the parties. In its Exhibit 4, purporting to be a copy of the same letter, the sentence is left in, although apparently interlineated with a different typewriter. They are both marked "Accepted by: The M. J. Uline Company," over the signature of M. J. Uline, 8–2–45. In still a third letter, also an exhibit of Uline, dated August 2, 1945, which returned the accepted letters of July 31 as completed contracts to Sportservice, the same sentence appears with the statement that it had been added by Uline before they would sign the contract. At the foot of this last letter there is a handwritten note, "This letter cancelled out by M. J. Uline and L. M. Jacobs," signed by both.

Uline also filed an exhibit, No. 2, dated July 18, 1945, addressed to Sportservice, Inc., saying Sportservice's suggestion was agreeable to Uline providing Uline could pay the amortized cost if they "should wish to terminate the contract."

Finding of Fact 6, in relation to the termination clause, reads as follows:

"6. This modification of the lease agreement of November 14, 1941, is set forth in defendant's letter of July 31, 1945, which was accepted by the plaintiff on August 2, 1945. But on August 11, 1945, the parties signed a memorandum on the face of the letter of August 2, 1945, stating 'this letter is cancelled out by M. J. Uline and L. M. Jacobs.' "

Finding 6 is not clear as to whether or not the clause for discontinuance was included in the contract. The offers in the letters of July 31, 1945, were accepted August 2, 1945—one copy contains the termination clause, the other does not— but the letter "cancelled out" is the only letter dated August 2, 1945, in the record. The termination sentence referred to is also in this letter.

Whether Uline Arena has the right to terminate the refreshment contract on payment of the expenditures by the lessee, less amortization of the installations made by Sportservice, depends, it appears to us, upon whether the termination sentence is in the agreement as finally settled by the parties. No finding of fact was made as to this issue. Consequently we set aside the judgment of the District Court and remand the case for a determination as to the content of the contract under which the Sportservice made the installation. With the determination of the issue as to the content of the contract, the District Court on this remand will be free to enter such judgment as it may be advised as to the obligations between the respective parties.

Judgment set aside and case remanded.